UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re:<br><br>MARK W. WISENTANER,<br><br>    Debtor | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 7<br>Case No. 22-11487-CJP<br><br>(Jointly Administered) |
| In re:<br><br>DISCOVERY HILL LLC,<br><br>    Debtor | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 7<br>Case No. 23-10741-CJP |

**MEMORANDUM OF DECISION AND FINDINGS REGARDING CHAPTER 7 TRUSTEE'S REQUEST FOR ENTRY OF ORDER AUTHORIZING AND APPROVING SALE OF REAL ESTATE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**

Before the Court is the *Motion for Entry of Order Authorizing and Approving Sale of Real Estate Free and Clear of Liens, Claims and Encumbrances* [ECF No. 529], as amended by the *First Amended Motion for Entry of Order Authorizing and Approving Sale of Real Estate Free and Clear of Liens, Claims and Encumbrances* [ECF No. 551] (the "Sale Motion"),[1] each filed by Steven Weiss, the Chapter 7 trustee (the "Trustee") of the jointly administered cases of Mark W. Wisentaner and Discovery Hill LLC ("Discovery Hill," together with Wisentaner, the "Debtors"), by which the Trustee seeks approval of the sale of 225 Discovery Hill Road, 190-R Discovery Hill Road, and 116-A Kiah's Way, Sandwich, Massachusetts (collectively, the

---

[1] The Sale Motion contained the same substantive request for relief and exhibits as the earlier filed version but included "supplemental information and notice regarding potential liens against the properties being sold." Sale Mot., at 2.

"Properties") to the Town of Sandwich for $3.3 million, free and clear of all liens, claims, interests, and encumbrances, pursuant to 11 U.S.C. §§ 363(b) and (f).[2] In deciding the Sale Motion, I have considered the related *Notice of Intended Sale of Assets of the Estate Free and Clear of Liens and Encumbrances* [ECF No. 538] (the "Notice of Sale"), the Affidavit of John Ciluzzi [ECF No. 530], the opposition of Mark Wisentaner [ECF No. 569] (the "Opposition"),[3] the reply [ECF No. 571] and supplemental reply [ECF No. 586] to the Opposition of the Trustee, the Affidavit of Mark Wisentaner [ECF No. 582] (the "Wisentaner Affidavit"), the response of the Trustee [ECF No. 585] (the "Affidavit Objection") and the limited reply of South Dennis Acquisition Corporation [ECF No. 601] to the Wisentaner Affidavit, the *Town of Sandwich's Memorandum regarding Litigation History and Permitting Status of Autumnwood, LLC's Chapter 40B Project* [ECF No. 588],[4] the *Status Report Concerning Trustee's First Amended Motion for Order Authorizing Sale of Real Estate* [ECF No. 670] (the "Report") of the Trustee, which includes a *Letter of Intent to Purchase* of Wisentaner as an attachment, the *Statement of South Dennis Acquisition Corporation in Support of Trustee's Motion to Sell [Doc. No. 551; 607]* [ECF No. 612] (the "Memorandum"), and the *Response of Pamela Buote, Trustee of Discovery Hill Trust, and Joseph Tucci to Debtor's Letter of Intent* [ECF No. 614], arguments made by the parties at hearings throughout this case, evidence introduced at a hearing held on the

---

[2] Unless otherwise noted, all section references herein are to Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended (the "Bankruptcy Code" or "Code").

[3] In the Opposition, which Wisentaner captions as a "Motion for Objection," Wisentaner objects on behalf of both himself individually and Discovery Hill. Wisentaner also filed a separate opposition with a similar caption on behalf of Kiah Discovery Hill Realty Trust [ECF No. 570] (the "Trust Opposition"), to which the Trustee filed a response [ECF No. 572]. I strike the Opposition as to Discovery Hill and the Trust Opposition in its entirety because these pleadings are filed on behalf of unrepresented, non-individual entities in violation of MLBR 9010-1(g) and D. Mass. LR 83.5.5, as made applicable by MLBR 9029-3. That said, I have considered everything filed by Wisentaner, individually and on behalf of non-individual entities, and nothing asserted on behalf of the unrepresented entities would alter my decision on the Sale Motion.

[4] The Court did not give any weight to the Town of Sandwich's unsolicited Memorandum filed after the evidentiary record had closed.

2

Sale Motion on October 10, 2024 (the "Hearing") and through the post-Hearing Wisentaner Affidavit,[5] and the entire record of the Debtors' cases.[6]

Pursuant to the Sale Motion, the Properties are comprised of the following vacant parcels: (i) 225 Discovery Hill Road, Sandwich, Massachusetts, as described in a deed recorded in the Barnstable County Registry of Deeds at Book 15058, Page 251, a 47-acre parcel owned by Wisentaner; (ii) 190-R Discovery Hill Road, Sandwich, Massachusetts, as described in a deed recorded in the Barnstable County Registry of Deeds at Book 34691, Page 272, a 39-acre parcel owned by Discovery Hill; and (iii) 116-A Kiah's Way, Sandwich, Massachusetts, consisting of approximately 2.2 acres of land as recorded in the Barnstable County Registry District of the Land Court as Certificate of Title No. 174105, that is held in trust by Kiah Discovery Hill Realty Trust, a nominee trust of which Wisentaner is the trustee and with respect to which Discovery Hill possesses 100% of the trust membership interests.

The only party in interest objecting to the Sale Motion is Wisentaner. The Trustee asserts that "at best" the Debtors have limited standing to oppose the sale because, among other things, they do not have a "demonstrable" pecuniary interest in the outcome because there will likely be no distribution to the Debtors under § 726(a)(6) based on the value of the Properties established through the sale process and the liabilities of the estate necessary to pay to creditors. *See* Trustee

---

[5] As will be discussed further herein, because the Trustee did not request to cross examine Wisentaner with respect to the statements in the Wisentaner Affidavit, for purposes of considering the Sale Motion, I have admitted into evidence the Wisentaner Affidavit as the testimony of Wisentaner and have considered that testimony.

[6] Findings of fact are incorporated throughout the discussion in this decision. Any findings of fact that are, in whole or part, rulings of law shall be considered as such and vice versa. While I may cite to specific supporting evidence in the record, my findings are often supported by additional evidence in the record I have considered, and I do not intend to limit support for my findings to the cited portion of the record. Further, to the extent that I reference testimony or other evidence that supports my rulings, I have credited that testimony or other evidence even if I have not made an express finding. Where I have referenced testimony or other evidence that does not support my rulings, I have weighed that evidence, but it has not overcome the weight that I have given to other evidence in the record, whether explicitly referenced or not.

Resp. to Obj. [ECF No. 571], at 1-2. Wisentaner and Discovery Hill do not have standing for that reason since it appears that no surplus will be available for distribution to the Debtors, but because the primary basis of Wisentaner's Opposition is that the Properties should be sold for a higher value that would result in a distribution to him, I have permitted Wisentaner to be heard and have considered evidence that he has proffered in the Wisentaner Affidavit and arguments that he has made in his objections and at hearings. Based on the record, I overrule Wisentaner's objections and will GRANT the Sale Motion.

Section 363(b) provides that a trustee "after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). "It is frequently stated that the estate representative [. . .] should be authorized to conduct a sale if the decision is supported by 'reasonable,' 'proper' or 'sound' business judgment, a rule commonly referred to as the 'business judgment test.'" *In re Genesys Rsch. Inst., Inc.*, No. 15–12794–JNF, 2016 WL 3583229, at *18 (Bankr. D. Mass. June 24, 2016). "A trustee generally satisfies the business judgment standard if he acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re MF Global, Inc.*, 535 B.R. 596, 605 (Bankr. S.D.N.Y. 2015) (citations and internal quotations omitted). In evaluating the exercise of business judgment, deference is afforded "'unless it is shown to be so manifestly unreasonable that it could not be based upon sound business judgment, but only on bad faith, or whim or caprice.'" *In re SW Boston Hotel Venture, LLC*, No. 10–14535–JNF, 2010 WL 3396863, *3 (Bankr. D. Mass. Aug. 27, 2010) (quoting *In re Cadkey Corp.*, 317 B.R. 19, 22–3 (D. Mass. 2004)).

Wisentaner raises numerous objections to the proposed sale. His main objection with respect to all of the Properties is that the Trustee cannot meet his burden in exercising his

4

business judgment to demonstrate that the proposed sale of the Properties to the Town of Sandwich for $3.3 million is in the best interest of the estates because, Wisentaner asserts, that the Properties are worth substantially more than that amount. In conjunction with the insufficient value argument, Wisentaner further argues that the sale should not be approved because the Trustee has not yet identified how the sale price is allocated among the parcels comprising the Properties.

In support of his valuation argument, he references real estate appraisals that he obtained in the recent past in connection with a possible financing transaction and other prior transaction efforts. While Wisentaner attached copies of the appraisals to the Opposition and attempted to use the appraisals to impeach the Trustee's witnesses, the appraisals were not admitted in evidence because, absent an expert to testify and be cross-examined about the appraisals, they constituted inadmissible hearsay. The entire record of these cases, of which I take judicial notice, demonstrates that Wisentaner has attempted to develop the various parcels comprising the Properties for many years. Several of the largest creditors filing claims in the cases assert claims arising from failed efforts to develop portions of the Properties prior to the bankruptcy cases. During the period when these cases were proceeding under Chapter 11, Wisentaner attempted over an extended period of time to sell or finance the Properties without success.

Both the Trustee and John Ciluzzi, a real estate broker retained by the Trustee to market the Properties, testified regarding the sale process. Ciluzzi detailed the number of solicitations, publicity in regional news sources generated by a press release, marketing efforts, the number of entities that requested diligence and access to the data room for the Properties, and the number of offers made. Ciluzzi and the Trustee testified that the contact list included all of the contacts provided by Wisentaner. Ciluzzi testified regarding challenges he perceived in obtaining higher

offers to purchase the Properties under existing conditions. While InFewsion, LLC ("InFewsion") submitted initial offers with various contingencies as a result of the marketing process, the timing resulting from the contingencies ultimately rendered those offers as less desirable than the Town's stalking horse bid in the Trustee's business judgment. Neither InFewsion nor any other party submitted competing offers to the Town's bid as permitted by the bid procedures The Trustee and Ciluzzi both testified that the proposed sale to the Town of Sandwich represented the best offer that could be generated at this time in the context of the sale process. I found both the Trustee and Ciluzzi to be credible.

Under cross-examination by Wisentaner, the Trustee acknowledged that he had received notice that certain Interconnection Service Agreements ("ISAs") had apparently been issued by Eversource Energy to InFewsion. Wisentaner asserts that the rights under the ISAs are property of the estate.[7] InFewsion disputes the claims of Wisentaner regarding the ISAs, but had stated on the record at one point during the case that, if the Wisentaner estate paid the amounts InFewsion claimed were due, the estate could obtain the benefit from the ISAs. Wisentaner asserts that, with the ISAs, the Properties have a significantly enhanced value. The Trustee and Ciluzzi testified at the Hearing that they had not informed prospective purchasers that the ISAs had been issued. Their testimony also made clear that neither had any qualifications or experience to assess whether the fact that the ISAs had been issued could have an impact on the marketability and value of the Properties.

---

[7] The Trustee has proposed to compromise the estate's claims against InFewsion and the claims of InFewsion against the estate under Fed. R. Bankr. P. 9019 [ECF No. 561], consideration of which remains pending until determination of the Sale Motion. *See* Ord. [ECF No. 611].

At the conclusion of the Hearing, Wisentaner stated that he would like to present evidence through his own testimony. He presented no other witnesses.[8] Wisentaner was given the opportunity to submit an affidavit as a proffer of his direct testimony in opposition to the sale. He subsequently filed the Wisentaner Affidavit.[9] *See* Ord. [ECF No. 573]. I also directed that the Trustee could request a further hearing at which he could assert evidentiary objections to the statements made in the Wisentaner Affidavit and cross-examine Wisentaner. I stated that if the Trustee did not request a further hearing, the evidentiary record regarding the Sale Motion would be closed. The Trustee raised certain evidentiary objections to the Wisentaner Affidavit in his Affidavit Objection, but did not request a further evidentiary hearing.[10]

Upon consideration of the record after the Wisentaner Affidavit was filed on October 18, 2024, I ordered the Trustee to add information regarding the ISAs to the data room for potential purchasers, extended the period for the Trustee to solicit counteroffers until November 20, 2024, ordered the Trustee or broker to communicate to each party that had visited the data room that

---

[8] At the Hearing, Wisentaner stated that he was unaware that the hearing was an evidentiary hearing and would like to call witnesses in the future. The Notice of Sale provided that "[a]ny party who has filed an objection or higher offer is expected to be present at the hearing, failing which the objection will be overruled or the higher offer stricken…. The Court may take evidence at the sale hearing to resolve issues of fact." Based on the certificates of service in the record regarding the Notice of Sale, proper notice was given of the Hearing and that objecting parties should be prepared to present evidence on any disputed factual issues. I denied Wisentaner's request to call additional witnesses on another date.

[9] In the Wisentaner Affidavit, Wisentaner referenced that at his § 341 meeting of creditors "[i]nformation important to the sale of property was introduced[,]" but does not specify the nature of that information. Wisentaner Aff. ¶ 35. He further stated the Trustee agreed to provide the transcript and that the Debtors would want to "supplement" with that information. Given that Wisentaner testified at the 341 meeting, he could have presented the same testimony and provided the same "information" in the Wisentaner Affidavit. I find that Wisentaner has not adequately identified evidence that he wishes to present for consideration and that he had a fair opportunity to do so in the proffer of his testimony.

[10] I considered the Affidavit Objection as to the Trustee's statement that he was not requesting a further evidentiary hearing to examine Wisentaner, which resulted in the closing of the evidentiary record, but I did not consider the remainder of the Trustee's statements or evidentiary objections in the Affidavit Objection since the Trustee did not request a further evidentiary hearing day to cross-examine Wisentaner or press evidentiary objections. I weighed the evidence presented in the Wisentaner Affidavit and found it to be self-serving, unpersuasive, and of little weight in determining the material issues.

the ISAs had been issued and were available in the data room and that the counteroffer deadline had been extended, and authorized Wisentaner to communicate directly with potential bidders to inform them of the opportunity to purchase the Properties and of the availability of the ISAs. *See* Ord. [ECF No. 584].

On November 21, 2024, the Trustee filed the Report regarding the extended bid period, and he reported that he received no additional third-party bids from the extended marketing period. The Trustee represented that he or Ciluzzi had numerous specific contacts with potential bidders during the extended bid period, some of which had been contacted by Wisentaner. Report, at 4-5. He represented that there were five new contacts and five parties that had initially done diligence in the deal room that re-entered the deal room to conduct additional diligence. The Trustee also stated he received a "Letter of Intent to Purchase" from Wisentaner for a stated purchase price of $4,000,000. The Trustee asserts that the "offer" is not a qualifying bid under the terms of sale, including because Wisentaner failed to tender a $300,000 deposit as required by the Notice of Sale, and that, even if it were, it would not be a better bid that he would accept because it contains contingencies and delays discounting any potential value. Further, the Trustee asserts that Wisentaner failed to provide any evidence of his financial means to complete the sale as required by the Notice of Sale upon request of the Trustee. Finally, the Trustee asserts that the Notice of Sale required that any bid must be on the "same terms and conditions" as the proposed sale to the Town of Sandwich other than as to the purchase price and that the offer by Wisentaner contains multiple different terms and conditions including contingencies that would delay a closing. Wisentaner further appears to make the offer contingent on him receiving a discharge, to which the Trustee has already filed an objection.[11]

---

[11] The Trustee commenced an adversary proceeding objecting to the Debtor's discharge on November 7, 2024. See Adv. Pro. No. 24-1092.

Wisentaner did not request or obtain authority to submit a non-conforming bid. Upon review of the Report, non-insider creditors were given an additional opportunity to object to the sale or object to the Trustee's assessment in his Report of Wisentaner's proposed offer. *See* Ord. [ECF No. 608].[12] Statements in support of the Trustee's assessment and the sale to the Town of Sandwich were filed by creditors South Dennis Acquisition Corporation, Pamela Buote, Trustee of Discovery Hill Trust, and Joseph Tucci.

I find that Wisentaner's "Letter of Intent" is non-conforming and strike that "offer." Even if I had not stricken the offer by Wisentaner, the Trustee has made an assessment that the offer is frivolous. Report, p. 3. Upon review of the Letter of Intent, alternatively, I also find that the Trustee's implicit assessment that the numerous contingencies in Wisentaner's offer reduce the value of that offer well below the sale price offered by the Town of Sandwich is supported by the record and is a reasonable exercise of his business judgment.

I further find that, notwithstanding the objections of Wisentaner, and even if I characterize the statements in the Wisentaner Affidavit as his lay opinion of value, I find that $3.3 million is fair value for the Properties under the circumstances presented in these cases. The sale process, as extended, was a fair and reasonable marketing process intended to obtain the

---

[12] Wisentaner appears to have attempted to circumvent the order limiting further responses to non-insiders by filing a "Motion to Object" on behalf of "Briar Patch Trust, Kiah Discovery Hill Realty Trust, and Single Venture Purpose entity." *See* Mot. to Obj. [ECF No. 615]. The Trustee has sought to strike the pleading because entities cannot appear without counsel, at least two of the named entities are not parties in interest (Briar Patch Trust and SVPE), and because the objection was untimely. *See* Mot. to Strike [ECF No. 616]. As stated in footnote 3 *supra*, non-individual entities are prohibited from appearing without counsel and the objection at ECF No. 615 will be stricken pursuant to MLBR 9010-1(g) and D. Mass. LR 83.5.5, as made applicable by MLBR 9029-3. I have, nonetheless, considered the filing by Wisentaner on behalf of the non-individual entities, but nothing asserted on behalf of the unrepresented entities alters my decision on the Sale Motion. Among other things, Wisentaner asserts that Ciluzzi's "offering" regarding the extended bidding period incorrectly stated that the bidding had been extended until "November 20, 2025," attaching what appear to be undated screen shots. ECF No. 615, at ¶ 3; ECF No. 615-3 (p. 181-87). Even if that were true and not quickly corrected, after considering the amount of contact by Wisentaner, the Trustee, and Ciluzzi with potential bidders after I directed the extension of the bidding period as reflected in the Trustee's Report and the record of the notice provided to the public as reflected on the docket, I find that any such error was not material to my determination.

9

best and highest offer under the circumstances. The sale is supported, or not objected to, by active creditors asserting significant claims against the estate. *See, e.g.,* ECF Nos. 612 and 614. While it appears that the Properties have numerous development possibilities, no developers have submitted higher or better offers or expressed substantial interest in doing so. As such, the sale process has established the value of the Properties to the estates and justify the Trustee's sound and reasonable exercise of his business judgment.

Wisentaner alleges that the sale process was not conducted in good faith and was intended to benefit the Trustee, the broker, the former counsel to the Debtors, who previously withdrew and who Wisentaner characterizes as a "friend of the Trustee," and the Town of Sandwich. Wisentaner also raised certain conflicts by counsel to South Dennis Acquisition Corporation. While Wisentaner has alleged numerous conflicts during the course of this case, I have considered all of the allegations, asked questions of counsel at various hearings, reviewed the record of the case and have determined that none of the alleged conflicts constitute actual conflicts that affect my determination of the Sale Motion. I find after consideration of the record that the Trustee has acted in good faith and that he has properly exercised his business judgment. Further, based on the representations in the Sale Motion, subsequent filings in support, and at the Hearing, I find that the Town of Sandwich is a good faith purchaser as contemplated by § 363(m).

Wisentaner also asserts that certain of the Properties are owned by entities other than the Debtors. Two parcels included in the Properties are owned by the Debtors. He asserts that the 116-A Kiah's Way parcel is not property of the Discovery Hill estate, but is property of the Kiah Discovery Hill Realty Trust. He asserts that the Trustee does not have authority to sell that portion of the Properties. The Trustee argues that the bankruptcy schedules filed by Discovery

Hill reflect that Discovery Hill possesses 100% of the beneficial interest in the nominee trust holding the 116-A Kiah's Way parcel. Amended Schedule A/B, Question 55 [Case No. 23-10741 ECF No. 14]. The Trustee asserts that upon approval of the Sale Motion, the Trustee may remove Wisentaner as the trustee of the Kiah Discovery Hill Realty Trust, appoint himself as trustee, and execute all documents necessary to convey 116-A Kiah's Way to the buyer. The Trustee seeks authority to do that on behalf of the Discovery Hill estate. A copy of the trust providing the beneficiary the power to remove the trustee and make appointments is in the record as an exhibit to ECF No. 571.

I find that the Trustee has exercised reasonable business judgment and will approve the Sale Motion and the sale of the Properties to the Town of Sandwich by entry of a separate order after considering the allocation of the sale price that will be incorporated in proposed form of order to be submitted by the Trustee. Further, I will authorize the Trustee to exercise any necessary authority possessed by the estate to cause the Debtors and Kiah Discovery Hill Realty Trust to consummate the proposed sale to the Town of Sandwich.

The Trustee shall submit, within fourteen (14) days of the date of this decision, a proposed form of order attached as an exhibit to a "Notice of Proposed Form of Order" approving the sale free and clear of liens and incorporating the findings set forth in this decision by reference. The form of order should allocate the purchase price as to each of the parcels included in the Properties. The form of order may also propose additional findings with citation to the record or documents in the record with regard to the Trustee's authority to act on behalf of or direct Kiah Discovery Hill Realty Trust to consummate the proposed transaction or consolidate its assets with the Discovery Hill estate.

Any objections to the form of order shall be filed no later than three (3) business days after the notice attaching the proposed form of order is filed on the docket. The Trustee shall email a copy of his notice attaching the proposed form of order to Wisentaner immediately after it is docketed. If Trustee does not have an email address, he may call Wisentaner to inform him the notice has been filed in accordance with this decision.

Dated: December 19, 2024 By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge